IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THOMAS JACKSON MADDOX, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No. 3:12cv628-MHT<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion under 28 U.S.C. § 2255 filed on June 28, 2012, by federal inmate Thomas Jackson Maddox ("Maddox). (Doc. No. 1.) Maddox challenges the sentence imposed by this court in September 2003 following his conviction for possessing a firearm as a convicted felon.[1] He contends his sentence under the Armed Career Criminal Act ("ACCA") violates the United States Supreme Court's holdings in *Begay v. United States*, 553 U.S. 137 (2008), and *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2013), and the Eleventh Circuit's holding in *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008).[2] Specifically, he argues that this court erroneously counted his

---

[1] On August 12, 2003, a jury found Maddox guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *See* Case No. 3:02cr107-MHT. On September 22, 2003, the district court, acting pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), sentenced Maddox to 188 months' imprisonment. Maddox's conviction and sentence were affirmed on direct appeal. *See United States v. Maddox*, 99 Fed. App'x 882 (11th Cir. 2004).

[2] *See Begay v. United States*, 553 U.S. 137, 148 (2008) (holding that the crime of driving under the influence of alcohol was not a "violent felony" for purposes of the ACCA); *Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013) (holding that, in determining whether a conviction under a state
(continued...)

prior Georgia convictions for carrying a concealed weapon and burglary as violent felonies for purposes of the ACCA. *See* Doc. Nos. 1 & 6.

## I. DISCUSSION

This is the second § 2255 motion filed by Maddox attacking the conviction and/or sentence imposed in Case No. 3:02cr107-MHT. Maddox's first § 2255 motion was filed in this court on June 13, 2004. *See* Doc. No. 1, Civil Action No. 3:04cv594-MHT. This court decided all claims presented in that initial § 2255 motion adversely to Maddox. *Id.*, Doc. No. 39, Aug. 15, 2006, Recommendation of the Magistrate Judge, adopted as judgment of the District Court on Sep. 9, 2006, Doc. Nos. 47 & 48.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of

---

[2](...continued)
criminal statute could count as violent felony for purposes of the ACCA, a court could not apply a "modified categorical approach" to the elements of the state statute if that statute included "non-divisible" elements that made it broader than the generic crime enumerated in the ACCA); and *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (applying *Begay* to hold that the crime of carrying a concealed firearm is not a "crime of violence" for purposes of the career offender enhancement in the United States Sentencing Guidelines).

the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h). A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

The pleadings and documents here reflect that Maddox has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. Accordingly, this court lacks the jurisdiction to consider his present § 2255 motion, and the motion is due to be summarily dismissed. *See, e.g., Curry v. United States*, 2011 WL 2116453 (S.D. Ga. May 27, 2011) (district court found it lacked jurisdiction to consider motion seeking relief under holding of *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), because it constituted a second or successive motion under 28 U.S.C. § 2255 and was filed without the requisite prior approval of the appellate court).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be dismissed, because Maddox has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 11, 2014.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 24th day of November, 2014.

                                        /s/ Terry F. Moorer
                                        TERRY F. MOORER
                                        UNITED STATES MAGISTRATE JUDGE